UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Henry Recinos,

        Plaintiff,

—v—

Deok Eun, *et al.*

        Defendants.



16-CV-133 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On January 7, 2016, the Plaintiff, Henry Recinos, filed a complaint in the Southern District of New York alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), Art. 19 §§ 190 and 650 *et seq.* See Dkt. No. 1 (hereafter, "Complaint"). On May 17, 2016, the parties informed the Court that they had reached a settlement. *See* Dkt. No. 16. On June 22, 2016, the parties submitted a written settlement agreement for the Court's approval, along with a joint letter explaining their views on the fairness of the settlement. *See* Dkt. No. 19 (hereafter "Joint Letter"); Dkt. No. 20 (hereafter "Settlement"). The settlement agreement provides for a settlement fund of $30,000, Settlement at 2, and counsel for the Plaintiff, Roman Avshalumov, requests a fee of $9,748.33, and reimbursement for $755 in costs. Joint Letter at 2. On June 21, 2017, the Court declined to approve the settlement, and ordered (a) the parties to submit additional information as to how the settlement amount was arrived at; (b) the parties to narrow the scope of the general release included in the settlement; and (c) Plaintiff's counsel to provide billing records to support its requested fee. Dkt. No. 23.

1

On July 12, 2017, the Plaintiff submitted a revised settlement narrowing the general release, submitted additional information explaining how the parties arrived at the ultimate settlement amount, and provided billing records as to counsel's work on the instant case.[1] Dkt. No. 25. Having received this additional information, and in light of the revision to the settlement, the Court hereby finds that the settlement, in its present form, is fair and reasonable. The settlement is therefore approved.

SO ORDERED.

Dated: July 13, 2017
New York, New York

ALISON J. NATHAN
United States District Judge

---

[1] The Court notes that counsel, although they submitted the billing records requested, argue that the Court should not review such records as the Court should apply the percentage-of-the-fund method to calculate a fee, and not rely on the lodestar. *See* Dkt. No. 25 at 2-5. Counsel's concern appears to arise out of a conflation of two issues: whether the lodestar is relevant to the Court's calculation, and whether a finding that the lodestar is relevant somehow requires the Court to cap the fee at the lodestar. The latter proposition is not correct, and the Court did not suggest otherwise in its earlier order. In ordering Plaintiff's counsel to produce billing records, the Court stated correctly that "even were this Court to apply the percentage-of-the-fund approach to calculating a reasonable attorney's fee in this case (which could result in a lodestar enhancement), a lodestar cross-check is still relevant to determine the reasonableness of the award." Dkt. No. 23 at 4 (citing *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000)). Further, even were the Court to apply the lodestar method, the Court could apply a risk enhancement. *See Goldberger*, 209 F.3d at 47. Regardless of which method the Court follows, the billing records, and lodestar calculation, are relevant to whether an award is reasonable. Having reviewed the lodestar in this case, the Court finds that the award of fees is indeed reasonable notwithstanding the fact that it is greater than the lodestar.

2